UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

FRANK BRADLEY                    *           CIVIL ACTION

VERSUS                           *           NO: 07-1422

NORTHROP GRUMMAN SYSTEMS         *           SECTION: "D"(3)
CORPORATION, ET AL

                          **ORDER AND REASONS**

　　　Before the court is the **"Motion to Remand"** filed by Plaintiff, Frank Bradley.  Memoranda in opposition were filed by Northrop Grumman Systems Corporation, individually and erroneously alleged as successor to Avondale Shipyards, Inc., Avondale Industries, Inc., Ingalls Shipbuilding, Peter Territo (collectively, the Avondale interests) and Commercial Union Insurance Company, the alleged insurer of the executive officers of Avondale.  The motion, set for hearing on Wednesday, April 11, 2007, is before the court on briefs, without oral argument.  Now, having considered the memoranda of counsel, the record, and the applicable law, the court finds that the motion should be granted.

                          **I.  Background**

　　　On February 23, 2007, Plaintiff filed this suit in Civil

District Court for the Parish of Orleans, State of Louisiana, alleging that he incurred substantial exposure to asbestos while working as a marine electronics technician at Avondale Shipyard from approximately 1967-68, and this exposure to asbestos caused him to contract malignant pleural mesothelioma. (Petition at ¶¶23-24).

Plaintiff names numerous Defendants, including Northrop Grumman Systems Corporation (individually and as successor to Avondale Shipyards, Inc., Avondale Industries, Inc., and Ingalls Shipbuilding), and Peter Territo (an executive officer of Avondale). Plaintiff alleges that Avondale and Territo failed to provide him with a safe workplace through various negligent acts, including but not limited to the failure to warn him of the risks associated with exposure to and inhalation of asbestos. (Petition at ¶50, 51, 53, 56 & 57).

On March 23, 2007, Northrop Grumman Systems Corporation (individually and erroneously alleged as successor to Avondale Shipyards, Inc., Avondale Industries, Inc., and Ingalls Shipbuilding)("Avondale") and Peter Territo removed the matter claiming that they "qualify as persons 'acting under any officer of the United States or any agency thereof' pursuant to 29 U.S.C. §1442(a)(1) and the State Case is therefore removable to this court because (a) they can raise, as federal defenses, immunity under the

2

"Government Contractors Defense" and the LHWCA, and (b) because they can demonstrate a causal nexus between the injuries claimed by plaintiff and the required presence and use of asbestos-containing materials at the Avondale facility to comply with the United States government contract specifications and requirements."  (Notice of Removal at ¶14).

Plaintiff now moves the court to remand, arguing that the court lacks subject matter jurisdiction.  The court agrees.

## II.  Legal Analysis

Pursuant to the Federal Officer Removal Statute, 28 U.S.C. §1442(a)(1),

> (a) A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is presiding:
>
> (1) The United States or any agency thereof or any officer (or any acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue....

28 U.S.C. §1442(a)(1).

Removal pursuant to §1442(a)(1) is meant to "ensure a federal

forum in any case where a federal officer is entitled to raise a defense arising out of his official duties." *Winters v. Diamond Shamrock Chemical Co.*, 149 F.3d 387, 398 (5th Cir. 1998).  However, the removing defendants have the burden of establishing the existence of federal jurisdiction.  *Id*. at 397.

In considering whether removal was proper under 28 U.S.C. §1442, the court must determine whether the removing defendants have established the following factors: (1) they are "persons" under §1442(a)(1); (2) they acted under the direction of a federal officer; (3) they have demonstrated a causal nexus between plaintiff's claims and defendants' actions performed under the color of a federal office; and (4) they can raise a federal defense to plaintiff's claims.  *Mesa v. California*, 489 U.S. 121, 131-32, 109 S.Ct. 959, 966, 103 L.Ed.2d 99 (1989); *Winters*, 149 F.3d at 398.[1]

**First prong:  Defendants are "persons."**

Corporations are considered "persons" for purposes of removal

---

[1]  The Fifth Circuit has noted:

> the Supreme Court's admonishment that the statute's "color of federal office" requirement is neither "limited" nor "narrow," but should be afforded a broad reading as not to frustrate the statute's underlying rationale.  On the other hand, the Court has clarified that the right to removal is not unbounded, and only arises when "a federal interest in the matter" exists.

*Winters*, 149 F.3d at 398 (citations omitted).

under §1442.  *Winters*, 149 F.3d at 398.  Thus, both removing defendants (Northrop Grumman Systems Corporation and Peter Territo) satisfy the first *Mesa* prong.

**Second prong:  Acting under the direction of a federal officer**

Here, the court finds that Defendants' removal fails on this prong, because Defendants have failed to establish their safety and warning-related activities were under the requisite direction of a federal officer.  Federal direction requires "more than 'general auspices' of a federal officer, or participation in a regulated industry."  *Savoie v. Northrop Grumman Ship Systems, Inc.*, No. 05-2086 (E.D. La. 2005)  (Duval, J.)(attached as Plaintiffs' Ex. B, Doc. No. 3-4), *citing Mouton v. Flextallic, Inc.*, 1999 WL 225438 *2 (E.D.La. 1999)(Porteous, J.).  Instead, the defendants must show "strong government intervention and the threat that a defendant will be sued in state court" based on actions which follow federal direction.  *Mouton,* 1999 WL 225438 *2-3 (citation omitted).

Here, there is nothing in the record to establish that the safety procedures at issue were controlled by the government or related to government specifications in the building of ships at Avondale.  *See also Guidroz v. The Anchor Packing Co.*, No. 98-3709 (E.D. La. 1999) (Lemelle, J.)(attached as Plaintiffs' Ex. A, Doc. No. 3-3); *Mouton,* 1999 WL 225438 (no causal connection between the Navy's direction pursuant to design contracts and plaintiff's

failure to warn claims).

Indeed, Defendant Territo has admitted:

Q. ... what I'm asking you is whether or not the Federal officers that were on board the vessels, the Naval inspectors, did they control the safety department at Avondale?

A. No.

(*See* Plaintiff's Ex. D, Territo Dep., p. 135).[2]

**Third prong: Causal nexus between plaintiff's claims and defendants' actions performed under the color of a federal office**

Because the court has found that Defendants have failed to demonstrate that the government exercised the requisite authority and control over Avondale's safety procedures and plans, the court concludes that there can be no causal nexus between the authority of the federal officer and Plaintiffs' claims that Defendants failed to use asbestos safely. *See also Gauthe v. Asbestos Corp.*, 1997 WL 3255 (E.D.La. 1997)(Duval, J.)(finding no causal nexus under similar facts and circumstances); *Guidroz v. The Anchor Packing Co.*, (Lemelle, J.) (no causal nexus); (Africk, J.)(no causal nexus between the government's direction pursuant to ship construction contracts and plaintiff's claims alleging failure to

---

[2] This deposition of Peter Territo was taken in the cases of *Gauthe v. Asbestos Corp., Ltd,* No. 9454 (E.D.La) and *Porche v. Flexitallic Inc.,* No. 96-2827 (E.D.La).  However, the quoted testimony is also applicable here.

warn and provide a safe work environment).[3]

**Fourth prong: Colorable federal defense**

Because Defendants have failed to meet the second and third prongs above, remand is required.  However, the court also finds that Defendants have failed to establish a colorable defense.  Considering the Plaintiff's allegations herein, for reasons previously set forth by Judge Duval, neither immunity under the "Government Contractors Defense" nor immunity under the Longshore Harbor Workers Compensation Act provide Defendants with a colorable federal defense to Plaintiff's claims.  *Gauthe v. Asbestos Corp.*, 1997 WL 3255 (E.D.La. 1997)(Duval, J.).

### III.  Conclusion

The court concludes that this matter was improperly removed pursuant to §1442(a)(1) and remand is required for lack of subject matter jurisdiction.  Accordingly,

**IT IS ORDERED** that Plaintiff's **"Motion to Remand"** be and is hereby **GRANTED** for lack of subject matter jurisdiction, and the case is **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana.

---

[3] The court is unpersuaded by the following cases which Defendants argue support removal of this matter:  *Lalonde v. Delta Field Erection*, No. 96-3244 (M.D. La.1988)(Dalby, Mag.J.); *Melford v. Territo*, No. 05-1405 (M.D. La. 2006)(Parker, J); *McFarlin v. Northrop Grumman Systems Corp.*, No. 05-1406 (M.D. La. 2006)(Brady, J.).  (*See* copies of these opinions attached to Defendants' Memo. as Exhibits A, B & C, respectively).

**IT IS FURTHER ORDERED** that Defendants' **"Motion to Include Statement Prescribed by 28 U.S.C. §1292(b)"** be and is hereby **DENIED.**

New Orleans, Louisiana, this **12th** day of **April**, **2007**.

_____
A.J. McNAMARA
UNITED STATES DISTRICT JUDGE